SCOTT SCHOOLS (SCBN 9990)
United States Attorney

BRIAN STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7359
Facsimile: (415) 436-7234
denise.barton@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> FRANCISCO RAMIREZ-VASQUEZ, </br></br> Defendants. | CR No. 07-288 MHP </br></br> **UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT FRANCISCO RAMIREZ-VASQUEZ** </br></br> Sentencing </br> Date: August 27, 2007 </br> Time: 9:00 am </br> Courtroom: 15, 18th Floor </br> Hon. Marilyn H. Patel |

**INTRODUCTION**

On May 11, 2007, the Defendant Francisco Ramirez-Vasquez pled guilty to Count I of the above-captioned Information, a violation of 18 U.S.C. § 4, Misprision of a Felony. The defendant's plea arises from his knowledge of and involvement in smuggling eight illegal Mexican aliens - seven adults and one juvenile - in the back of a van from Arizona into the Northern District of California. At the time of his arrest on the instant offense, the defendant was found driving the van containing the aliens. This arrest follows a thirteen-year history of license suspensions and revocations, repeated motor vehicle-related criminal convictions, and on two occasions, failure to appear in state court for these motor vehicle-related offenses. The Government concurs with the sentencing recommendation or the Probation Department and

1  submits that a sentence of incarceration of 3 months is "sufficient, but not greater than necessary"
2  to effect the purposes of sentencing.  See 18 U.S.C. § 3553(a).

**ARGUMENT**

As the Court is well aware, the Sentencing Guidelines are no longer binding in the wake of the Supreme Court's decision in *Booker*.  Rather, this Court is to consider the Guidelines along with the other factors set forth in Title 18, United States Code, section 3553(a) to fashion a sentence that is sufficient, but no harsher than necessary, to comply with the purposes of sentencing.  As set forth in *United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006), the District Court must correctly analyze the Guidelines and then take into account the factors set forth in section 3553.  Although the Guidelines are not binding, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives."  *United States v. Rita*, 127 S. Ct. 2456, 2464 (2007).  Analysis of the Guidelines and the section 3553 factors in this case demonstrates that the 3 month sentence recommended by Probation and the Government is a reasonable and appropriate one in this case and for this defendant.

    A.    <u>Guidelines Range</u>.

The United States agrees with the United States Probation Department that the adjusted offense level for this defendant is 4; the Criminal History Category is I; and the resulting sentence range under the Sentencing Guidelines is 0-6 months.  Although the United States agrees that the defendant's Criminal History is properly calculated as Category I, this calculation does not reflect the 14 times that the defendant has been convicted of motor vehicle-related misdemeanor offenses.  Under the Sentencing Guidelines, these motor vehicle-related offenses, notwithstanding the frequency and multiplicity, are not considered in determining Criminal History category.  U.S.S.G. § 4.1.2(c)(1).  The 3 month sentence recommended by Probation and United States is a reasonable and appropriate disposition of the matter; falls with the applicable Guidelines range; and properly accounts for the defendant's criminal conduct and the section 3553 factors.

B. <u>Nature and Circumstances of the Offense and the History and Characteristics of the Defendant</u>.

As set forth in section 3553(a)(1), in imposing a sentence, this Court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. On April 20, 2007, the defendant and Jose Jesus Madrigal-Diaz (CR 07-0309 WHA) were arrested in Sonoma County, California. When stopped by law enforcement, the defendant was driving the van. In the van, in addition to the defendant and Madrigal-Diaz, there were eight illegal Mexican aliens, seven adults and one juvenile, seated on the floor in the back of the van. When asked for his license, the defendant presented an invalid Mexican license. Initially, the defendant and Madrigal-Diaz were both charged with Alien Smuggling in violation of Title 8, Section 1324(a)(1)(A)(ii) and the seven adult illegal aliens were detained as material witnesses. Thereafter, pursuant to a Plea Agreement, the defendant waived indictment and pled guilty to the above-captioned Information charging Misprision of a Felony, in connection with his knowledge of and involvement in the transport of these aliens.[1]

In the past thirteen years, the defendant has been convicted fourteen times with misdemeanor motor vehicle offenses – driving without a license; driving with a suspended or revoked license; and failure to register and insure a vehicle. In addition, in 2000, the defendant was convicted for failure to appear for one of these offenses. In 2005, the defendant was charged with two additional misdemeanor motor vehicle offenses for driving while his license was revoked. After he failed to appear in court to answer on both of the 2005 charges, the state authorities dismissed the charges.

In determining the appropriate sentence, this Court should recognize the significance of the defendant's conduct in the instant offense and the fact that the defendant, notwithstanding the benefit of the state courts' leniency in sentencing for his fourteen prior misdemeanor convictions, continues to re-offend. Moreover, in this case, the defendant has engaged in more serious criminal conduct. In recommending a 3 month sentence, the United States has taken into

---

[1] Madrigal-Diaz was subsequently indicted for Illegal Re-Entry after Deportation, in violation of Title 8, Section 1326 and is scheduled to begin trial on October 1, 2007 before the Honorable William H. Alsup.

consideration the defendant's role in this offense, his criminal history, his early acceptance of responsibility in this matter, and the need for this defendant to recognize that there are consequences for criminal behavior.

      C.      <u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment</u>.

As set forth in 18 U.S.C. § 3553(a)(2)(A), the Court must also consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. As noted above, the Defendant's actions demonstrate a repeated lack of respect for the law, as shown by his choice to continue driving notwithstanding that his license had been suspended and revoked; failure to appear to answer for his conduct in the state of North Carolina; and his choice to become involved in Transporting Illegal Aliens, which he knew was unlawful. For these reasons and those set forth above, a sentence of 3 months reflects the seriousness of the offense, the Defendant's apparent lack of respect for the law, and represents just punishment for this offense.

      D.      <u>The Need To Afford Adequate Deterrence to Criminal Conduct</u>.

Section 3553(a)(2)(B) requires this Court to take into account the need to provide adequate deterrence to criminal conduct. Notwithstanding his 14 prior misdemeanor convictions and probationary sentences, the defendant has not been deterred from criminal conduct. In this case, he knowingly engaged in criminal conduct and agreed to drive the van containing the illegal aliens for at least a portion of the journey. It is hoped that a sentence of 3 months in federal prison will be significant to the Defendant and sufficient, but not greater than necessary, to impress upon the Defendant that criminal choices will lead to nothing but further imprisonment, with even longer sentences in the future.

      E.      <u>The Need to Protect the Public from Further Crimes of the Defendant</u>.

Under section 3553(a)(2)(C), this Court should fashion a sentence that takes into account the need to protect the public from further crimes. Notwithstanding his prior license suspensions and revocations and convictions for his driving-related convictions, the defendant has continued to re-offend and has now engaged in more significant criminal conduct. The United States

1  submits that a sentence of 3 months will protect the public for at least 3 months from further
2  criminal conduct by the Defendant and will convince the Defendant that continuing to commit
3  crimes in the future, after release from incarceration, is not a viable life choice.

**CONCLUSION**

The Guidelines range and the sentencing factors under § 3553(a) support the recommendation of the Probation Department and the United States.  Defendant has a lengthy history of misdemeanor offenses and has not been repeatedly chose to re-enter the United States notwithstanding deportation orders and upon re-entry, engaged in violent criminal conduct.  An 3 month sentence and 1 year supervised release should be sufficient to provide just punishment for this offense, demonstrate to the Defendant that engaging in further criminal behavior in the future will only lead to more unpleasant consequences.

DATED: August 26, 2007                              Respectfully submitted,

                                                    SCOTT SCHOOLS
                                                    United States Attorney


                                                    _____/s/_____
                                                    DENISE MARIE BARTON
                                                    Assistant United States Attorney